NOT DESIGNATED FOR PUBLICATION

No. 117,887

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAMIAN MIGEL BATEAST,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; LORI BOLTON FLEMING, judge. Opinion on remand filed
August 16, 2019. Affirmed.

*Mackenzie Maki*, legal intern, and *Randall L. Hodgkinson*, of Kansas Appellate Defender Office,
for appellant.

*Michael Gayoso Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GREEN and MALONE, JJ.

PER CURIAM: On July 11, 2019, the Kansas Supreme Court summarily vacated a
portion of our decision and remanded our holding that the trial court did not err by not
providing a cautionary instruction on informants for reconsideration. The court directed
us to reconsider our holding by applying *State v. Plummer*, 295 Kan. 156, 283 P.3d 202
(2012), to this issue.

1

In *State v. Bateast*, No. 117,887, 2018 WL 6253183, at \*1 (Kan. App. 2018) (unpublished opinion), this court affirmed Damian Migel Bateast's convictions and sentences for "distribution or possession with intent to distribute methamphetamine." Bateast had argued that the trial court committed two jury instruction errors, cumulative error, and a sentencing error.

Concerning Bateast's argument that the trial court should have provided the jury with an instruction on confidential informants, this court held the following:

> "Bateast asserts that the trial court erred by not providing the jury with the cautionary instruction on informants. PIK Crim. 4th 51.100. This instruction states: 'You should consider with caution the testimony of an informant who, in exchange for benefits from the State, acts as an agent for the State in obtaining evidence against a defendant, if that testimony is not supported by other evidence.' Bateast argues that the instruction was both legally and factually appropriate. Moreover, he asserts that the failure to give the instruction was clearly erroneous.
>
> "In *State v. Novotny*, 252 Kan. 753, 851 P.2d 365 (1993), our Supreme Court held that when a defendant fails to request a cautionary instruction on informant testimony, and the informant's testimony was substantially corroborated, then 'the absence of a cautionary instruction *is not error* and is not grounds for reversal of the conviction.' (Emphasis added.) 252 Kan. at 760. Bateast argues that this rule does not apply to him because nothing substantially corroborated J.S.'s testimony. Thus, according to Bateast, the trial court's failure to give the cautionary instruction was clearly erroneous.
>
> "Nevertheless, as addressed in the preceding section, the evidence at Bateast's trial substantially corroborated J.S.'s testimony. Indeed, our analysis in the preceding section about why the State's case against Bateast was strong applies equally to Bateast's current argument about the cautionary instruction on informants. In short, although J.S. was the only person who directly testified about Bateast selling methamphetamine on November 3 and 4, 2015, the audio recording and the testimony of detectives corroborated J.S.'s testimony. As a result, under our Supreme Court's rule in *Novotny*, the trial court did not err. Thus, Bateast's argument fails." 2018 WL 6253183, at \*8.

Bateast challenged the preceding ruling in his petition for review to our Supreme Court. Bateast argued that *State v. Novotny*, 252 Kan. 753, 851 P.2d 365 (1993), was no longer good law:

> "Since *Novotny*, this Court has more clearly separated the question of whether an instruction is factually appropriate and whether failure to give a factually appropriate instruction is reversible error. See *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016) (determination of whether instructional error occurred and whether error is reversible are separate analyses). Because determination of whether an instruction is factually appropriate is conducted in a light most favorable to the defendant, the existence of possible corroborating evidence is not relevant. See *State v. Plummer*, 295 Kan. 156, 162, 283 P.3d 202 (2012) (standard of review for determining whether defense instruction is factually appropriate is viewed in a light most favorable to the defendant)."

Our Supreme Court agreed with Bateast, vacating this court's cautionary informant ruling:

> "The court has considered and grants only Issue I of Appellant's petition for review. We summarily vacate the portion of the Court of Appeals' opinion holding the trial court did not err by not providing a cautionary instruction on informants. And we remand this issue to the Court of Appeals for application of *State v. Plummer*, 295 Kan. 156, 283 P.3d 202 (2012)."

In *Plummer*, our Supreme Court explained that appellate courts apply the following test when considering jury instruction challenges:

> "[F]or instruction issues, the progression of analysis and corresponding standards of review on appeal are:  (1) First, the appellate court should consider the reviewability of the issue from both jurisdiction and preservation viewpoints, exercising an unlimited standard of review; (2) next, the court should use an unlimited review to determine whether the instruction was legally appropriate; (3) then, the court should determine whether there was sufficient evidence, viewed in the light most favorable to the defendant

or the requesting party, that would have supported the instruction; and (4) finally, if the district court erred, the appellate court must determine whether the error was harmless, utilizing the test and degree of certainty set forth in *Ward*." 295 Kan. at 163.

Bateast recognizes that he did not request a cautionary informant instruction during his trial. As a result, under our first step of review, we can review Bateast's argument for clear error. See *State v. Louis*, 305 Kan. 453, 457, 384 P.3d 1 (2016) (holding that defendants who fail to object to an alleged jury instruction error preserve their challenges but must establish clear error). To establish clear error, a defendant must "firmly convince [this court] that [the] error affected the jury's verdict." 305 Kan. at 462.

Next, the PIK Crim. 4th 51.100 instruction was legally appropriate. Moreover, it was factually appropriate given J.S.'s testimony as a confidential informant. Thus, we must next consider whether the trial court's failure to give the cautionary informant instruction was clear error.

Bateast cannot establish clear error. Although J.S.'s testimony about being a confidential informant played an important role during Bateast's trial, Bateast ignores that J.S. wore an audio recording device during the two controlled buys. In the recordings, two men talk about an exchange of money. Furthermore, during the second controlled buy, one man asks for "a half" and a second man begins questioning the first man whether he is trustworthy because there are rumors going around. At trial, J.S. testified that the men on the recording were Bateast and himself. He explained that he was the person asking for "a half," and Bateast was the person questioning his trustworthiness.

Additionally, Bateast ignores that the detectives involved in this case—Detective Dustin McDaniels, Detective J. J. Karlinger, Sergeant Detective Adam Harrison— confirmed J.S.'s testimony. Collectively, the detectives were able to survey both controlled buys. Indeed, Sergeant Detective Harrison testified that during the first

4

controlled buy, he watched Bateast get into his red SUV, Bateast drive to the CATO parking lot, and J.S. approach the driver's side door of the red SUV. Sergeant Detective Harrison testified that during the second controlled buy, he saw the transaction between Bateast and J.S. The detectives also listened to the live audio of the controlled buys. After each controlled buy, J.S. immediately came back without money they had just provided him, but with methamphetamine. Moreover, both before and after the controlled buys, the detectives stripped searched J.S. and found nothing unexpected on his body.

Accordingly, substantial evidence corroborated J.S.'s testimony that Bateast sold him methamphetamine twice. As a result, although the cautionary informant instruction stated in PIK Crim. 4th 51.100 was legally and factually appropriate, Bateast cannot show that but for the trial court's failure to give this instruction the jury would have reached a different verdict. For this reason, we affirm.

Affirmed.